UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>YVETTE IVONNA TRILLO,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 21cr2993-CAB<br><br>Order on Motion for Return of Cell Phone<br><br>[Doc. No. 42] |

On July 25, 2023, Defendant Yvette Ivonna Trillo filed a motion under Federal Rule of Criminal Procedure 41(g) requesting that the government return her cell phone. [Doc. No. 42.] On August 3, 2023, the government filed a response. [Doc. No. 44.] Having considered the submissions of the parties, the motion is **DENIED**.

**LEGAL STANDARD**

Federal Rule of Criminal Procedure 41(g) states: "A person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). Because there are no criminal proceedings pending at this time, the Rule 41(g) petition is treated as a civil complaint governed by the Federal Rules of Civil Procedure, and the government's opposition is treated as a motion

1

for summary judgment. *See United States v. Ibrahim*, 522 F.3d 1003, 1007-1008 (9th Cir. 2008) *citing United States v. Ritchie*, 342 F.3d 903, 906–08 (9th Cir. 2003).

If a defendant seeks return of property after pleading guilty and being sentenced, there is a presumption that she is entitled to return of the property. *See United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993). To rebut the presumption, the government must show "that it has a legitimate reason to retain the property." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir.1987). To demonstrate a legitimate reason to retain the items, the United States may show, among other things, a cognizable claim of ownership or right to possession that is adverse to that of the defendant. *See United States v. Mills*, 991 F.2d 609, 612 (quoting *United States v. Palmer*, 565 F.2d 1063, 1065 (9th Cir. 1977)).

When the government has lost or destroyed the property, Rule 41(g) is inapplicable and cannot be a basis for money damages. *Ordonez v. United States*, 680 F.3d 1135, 1139 (9th Cir. 2012). Finally, relief under Rule 41(g) is also unavailable where a claimant has received adequate notice of administrative forfeiture proceedings, as that is considered an "adequate remedy at law." *United States v. Elias*, 921 F.2d 870, 871 (9th Cir. 1990); *see also Ritchie*, 342 F.3d at 907.

## DISCUSSION

Here, the government has demonstrated that relief under Rule 41(g) is unavailable. First, all three cellular devices confiscated at the time of arrest have been destroyed. [Doc. No. 44-1 at 2.] Second, in her plea agreement, Defendant agreed to waive all her rights to the cellular devices [Doc. No. 21, Plea Agreement §§ I(B),I(C)], thereby giving the government a "cognizable claim of ownership or right to possession" of the cellular devices. *Mills*, 991 F.2d at 612. Finally, Homeland Security Investigations ("HIS") sent 30-day destruction letters to Defendant and her counsel and received no response [Doc. No. 44-1 at 1-2], thus providing Defendant an "adequate remedy at law." *Ritchie*, 342 F.3d at 907. Accordingly, Defendant is not entitled to relief under Rule 41(g).
/ / / / /

**CONCLUSION**

For reasons stated above, Defendant's motion for return of cell phones is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 15, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge